PROVIDER
SANTA ROSA C.I. ON
**NOV 03 2020** ZD
F OR MAILING BY

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
Pensacola, Fla  DIVISION

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

LavaROS Davis,

Inmate # # M-63150,

(Enter full name of Plaintiff)

Plaintiff,

vs.

Mark Inch, Sect. Fla. D.O.C.'s,
Walker Clemmon's, Warden,
A. Flores, Asst. Warden of Opt,
J. Santiago, Asst. Warden, Programs,
Dr. Rodriquez, Chief Med. Officer,
Nurse Sing,

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

CASE NO: 3:20cv5935-MCR-HTC
(To be assigned by Clerk)

Nurse Jane Dow,
LT. John Dow (Knoyosedo), #(1)
Sgt. Daniel,
C.O.I. Vaugh, #(2)
COI, Newsome, #(3)
C.O.I. John Dow, Camera Man, #(4)
John Dow, Watching Incident #(5)
John Dow Watching the Incident #(6)
Jury Trial DEMANED.
Defendants. They are sued, in
their, Individual & Official Capacities.

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

FILED USDC FLND PN
NOV 10 '20 PM 1:56

1.

## I.    PLAINTIFF:

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:   LavaRos Davis

Inmate Number   M-63150

Prison or Jail:   Santa Rosa Correctional Institution, Main Unit

Mailing address:   5850 East Milton Road

Milton Florida

32583-F1-1121-S.

## II.    DEFENDANT(S):

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address.  Do the same for <u>**every**</u> Defendant:

(1)    Defendant's name:   Mark Inch

Official position:   Secretary of Florida Dep't of Corrections.

Employed at:   501 South Calhoun street

Mailing address:   Tallahassee, Florida

32399

(2)    Defendant's name:   Walker Clemmons, Warden, Santa Rosa C.I.

Official position:   Prison Warden

Employed at:   Santa Rosa Correctional Institution,

Mailing address:   5850 East Milton Road

Milton, Fla 32583

(3)    Defendant's name:   A. Flores,

Official position:   Assistant Warden of Operation, S.R.C.I.

Employed at:   Santa Rosa Correctional Institution

Mailing address:   5850 East Milton Road

Milton, Fla 32583

## <u>ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS</u>

2

2.

## Defendant(s) Continues:

(4). J. Santiago, Asst. Warden of Program
Assistant Warden of Programs
Santa Rosa Correctional Institution
5850 East Milton Road
Milton, Florida 32583

(5). Dr. Rodriquez, Chief Medical Officer, S.R.C.I.
Santa Rosa Correctional Institution, Main Unit
5850 East Milton Road
Milton, Florida 32583

(6). Nurse Sing,
Nurse at Santa Rosa C.I.
Santa Rosa Correctional Institution, Main Unit
5850 East Milton Road
Milton, Florida 32583

(7). Nurse Jane Dow,
Nurse at Santa Rosa C.I.
Santa Rosa Correctional Institution, Main Unit
5850 East Milton Road
Milton, Florida 32583

(8). Lt: John Dow #(Knoyosedo),
Lieutenant, Correctional Officer
Santa Rosa Correctional Institution, Main Unit
5850 East Milton Road
Milton, Florida 32583

3.

Defendant(s) Continued):

(9) Sgt: Daniel
    Sergeant, Correctional Office,
    Santa Rosa Correctional Institution. Main Unit
    5850 East Milton Road
    Milton, Florida 32583

(10) CO.1, Vaugh,
     C O.1, Correctional Officer
     Santa Rosa Correctional Institution, Main Unit
     5850 East Milton Road
     Milton, Florida 32583

(11) C.01, NewCome,
     CO.1, Correctional Officer
     Santa Rosa Correctional Institution. Main Unit
     5850 East Milton Road
     Milton, Florida 32583

     CO.1, John Dow, #5 Camera Man.
     CO.1, Correctional Officer
     Santa Rosa Correctional Institution, Main Unit
     5850 East Milton Road
     Milton, Fla 32583

     CO1, John Dow #6 Watching the incident
     CO.1, Correctional Officer
     Santa Rosa Correctional Institution, Main Unit
     5850 East Milton Rd
     Milton Fla 32583.
     CO.1, John Dow, #7, Watching the incident
     CO.1, Correctional Office
     SantaRosa. Correctional Institution
     5850 East Milton Rd
     Milton, Fla 32583.

4.

## III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

## IV.   PREVIOUS LAWSUITS

NOTE:  FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )                             No( ✓ )

1.   Parties to previous action:
(a)   Plaintiff(s): _____ N/A _____
(b)   Defendant(s): _____
2.   Name of judge: _____   Case #: _____
3.   County and judicial circuit: _____
4.   Approximate filing date: _____
5.   If not still pending, date of dismissal: _____
6.   Reason for dismissal: _____
7.   Facts and claims of case: _____
_____

**(Attach additional pages as necessary to list state court cases.)**

B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( )                             No( ✓ )

1.   Parties to previous action:
a.   Plaintiff(s): _____ N/A _____
b.   Defendant(s): _____
2.   District and judicial division: _____
3.   Name of judge: _____   Case #: _____
4.   Approximate filing date: _____
5.   If not still pending, date of dismissal: _____
6.   Reason for dismissal: _____

3

5.

7. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( )                    No( ✓ )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): _____ N/A _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____ Case #: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____
7. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )                    No( ✓ )

1. Parties to previous action:
   a. Plaintiff(s): _____ N/A _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____ Case Docket # _____
4. Approximate filing date: _____ Dismissal date: _____
5. Reason for dismissal: _____

6.   Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

## V.   STATEMENT OF FACTS:

State briefly the FACTS of this case.  Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim.  In describing what happened, state the names of persons involved, dates, and places.  <u>Do not make any legal arguments or cite to any cases or statutes.</u>  You must set forth separate factual allegations in separately numbered paragraphs.  You may make copies of this page if necessary to supply all the facts.  Barring extraordinary circumstances, no more than five (5) additional pages should be attached.  **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

(1).   The Plaintiff Lavaros Davis, # M63150, pro se, Contends that on August 6th, 2020 (Lt. Knoyosedo) hereinafter (John Dow #(1). Came to his cell front at approximately 3:15 a.m, this would be the 11 to 7 shift. Lt. John Dow #(1) proceeded to ask me, if I was going to place my hands in the box. I stated, Yes sir, He then told me to put my hands in the box, and I asked him to open the door flap, Which would have allowed me to place both of my hands in the box, as he had requested, and both of my hands was in plain-view, of him.

(2).   However, he NEVER open the door flap. Instead of doing so, he turned RED-FACED like he was ANGRY and MAD, then he stated; at this time inmate Davis has refused to submit to handcuffs, and Lt. John Dow #(1), had my cell door activated soon as the door open, I leaned my upper body Out the cell door, because at that point I was in fear of my life, due to all the inmate beatings that has taken place at this institution in the past few month(s). Officer Vaugh and officer Newcome immediately started punching me in my head and face area, as officer Vaugh

draged me to the back of the Cell, all the time punching and hitting me in the face and the back of my head with a Clenched fist, and banging my bloody head and face on the Concrete floor. Lt: John Dow #(1), never told Officer Vaugh to stop his Unconstitional ass assault upon me, evar as he observed the blood running down my face and from the back of my head.

(3)          Sergeant Daniels, was assaulting me about my legs and back with the handcuffs over his fist. He also hit me in my body with the Leg Shackles.

There was two other Officer(s) that was there and did absolutely nothing to prevent, or intervene this attempt to Murder me in "Cold Blood," Under Colore of State law. They just Stood there, as did the Camera man, and watched these other Correctional Officers (who was white men): beat me down without any Penological justification, for the attempted murder of me, all because I'm a Black Man.

(4)          Lt: John Dow #(1), told one of the other Officer's that had been looking at the attempted murder all along, to go and get a "SPIT-SHIELD"

This request by the Lt, is to hide my head and face, that is Covered in blood from this beating, and to try to Keep other Staff member's and inmates from Seeing what they have did to me, with out just Cause.

(5)          I was dragged from the Cell, and thrown into the wheel Chair, and pushed to the Santa Rosa C.I. Medical Department, by one of the Correctional Officers.

In the Medical Department, the Nurses Can be seen on Camera treating the Split open

Head in the back, and Cuts in my face. Nurse Jane Dow, took the back of the Spit-Shield off and Cleaned the Split in the back of my head, in an effort to Stop the bleeding; She then took the Spit-Shield off the left Side of my head and Cleaned the blood off the left Side, and the front of my head and face.

(6)     As Nurse Jane Dow, did this, She Spoke what my injuries Was, and Nurse Sing, Written that information onto one of the Medical Form's. Jane Dow, then put the Spit-Shield back on my head.

(7)     <u>I was in a great deal of pain, in my head, face and body, however, I recognized that Nurse Sing and Nurse Jane Dow's actions as an effort to "COVER UP" and LIMIT the SEVERITY and NATURE of my injuries, by using her body to block out the Camera from photographing my injuries.</u>

This would account for the reasons why Nurse Jane Dow, did NOT take the Spit-Shield COMPLETELY off of my head in front of the Camera.

(8)     The Plaintiff Contends that the actions of Lieutenant (Lt) John Dow (Knoyosedo), Sergeant Daniel, C.O.I. Vaugh, C.O.I. Newcome, C.O.I. John Dow. (Camera Man), and John Dow, Watching the Attempted Murder of the Plaintiff and did nothing to prevent it or Intervene it, John Dow #(2) Watching the Attempted Murder of the Plaintiff and did nothing to prevent it or Intervene it, <u>Constituted a Violation of the 8th, and 14th, Amendment to the United States Constitution, and Article (1) Sec (9) of the Due Process Clause of the Florida Constitution</u>

and also Constituted an Assault and Battery, as Well
as an Attempted Murder of the Plaintiff on 8-6-2020.

(9).   The Plaintiff further Contends that the actions of
the above named Defendant(s), Constituted an
Unconstitutional USE OF EXCESSIVE FORCE, and
Deliberate Indifference, to the Plaintiff Safety and
Constitutional Rights NOT to be exposed to
CRUEL AND UNUSUal PUNISHMENT, and DELIBERATE
INDIFFERENCE, by the herein named Defendant(s).

(10)      The Plaintiff, further assert(s) that the actions
of Nurse Jane Dow, and Nurse Sing, "DEMONSTRATES" that
they Were in POSSESSION OF KNOWLEDGE that inmates
and the Plaintiff, Was being beaten, assaulted and
sometime's Killed, here at Santa Rosa Correctional
Institution, by the Cell Extraction Teams, and the Nurses
HAVE NOT BEEN REPORTING these Assaults, Attempted Murders
Of the Plaintiff and Other Black Inmates, to their "SUPERIORS"
in Tallahassee, Florida.

## Defendant

(11).   __Mark Inch,__ is the Secretary for the Florida
Department of Corrections (hereinafter Fla. DOC's)
is an Administrative Agency of the Executive Branch
of the Florida Govornment, Charged With the Care,
Custody and Control of State prisoners by Viture
of §§ __20.315__ and __944.09__ Florida Statutes. Defendant
address is 501 South Calhoun Street, Tallahassee
Florida 32399.

(12).        The Plaintiff Contends that Mark Inch,
Secretary of Fla. DOC's, Unofficial __POLICIE'S__, __CUSTOM'S__
and __PRACTICE'S__ of allowing the Defendant (s) (Herein
named), at the Institutional level to ESTABLISH
Such POLICIES, CUSTOM'S and PRACTICES of beating's,
assaults, attempted murders, injurie's Causing Great Bodily
Harm to the Plaintiff, __Lavaros Davis, # M 63150__ at Santa
Rosa C.I., Violated the Plaintiff(s) rights Under the
Eighth Amendment to the United States Constitution
and Constituted an Attempted Murder an assault and
Battery, Under the Color of State law.

(13).        The Plaintiff asserts that, Defendant, Mark Inch,
Secretary of Fla. DOC's, have an __UNOFFICIAL POLICIES__
__CUSTOMS__ and PRACTICES of "ALLOWING" Such "REPEATED"
act's by FINAL POLICY-MAKER for the Fla. DOC(s) and such
__REPEATED__ acts of BEATINGS, ATTEMPTED MURDER's
ASSAULT's in Violation of his 8th and 14th Amendment
Rights, to the United States Constitution,

11.

and the Florida Constitution, Art. (1) Section (9).

(14)    The Plaintiff further acknowledge that Defendant Mark Inch, Sec't. for the Fla. DOCS, in having policies, Customs and practices, that allowed the Defendant(s) at the institutional level to use physical force against the Plaintiff Without NEED or PROVOCATION Or in failing to intervene to prevent the EXCESSIVE USE OF FORCE, Were done MALICIOUSLY and SADISTICALLY and Constituted CRUEL and UNUSUAL PUNISHMENT in violation of the EIGHTH AMENDMENT to the United States, FEDERAL CONSTITUTION

(15).    The Defendant Mark Inch, Secretary of the Fla. DOC's also have a OFFICIAL POLICY, CUSTOM and PRACTICE of "IN HOUSE INVESTIGATION" for Such allegations herein made against their employees;

there is also a CUSTOM, POLICY and Practice of auto-matic-appointment of Counsel from the Attorney General's Office to Represent their employees in State and Federal Court's, to defeat Victim's Such as the Plaintiff, after they have Endured these Assaults, Beating, & Attempted Murder's and sometime's inmates are just Killed by the Fla. DOC's, Employees.

(16)    Again, the Plaintiff assert's that the Defendant Mark Inch has an Unofficial Adoption of policies, Custom's and Practices, that have ALLOWED" prison Official's at the "Institutional Level" to establish, "STAT-WIDE", policie's, Customs and practices, of beating, assaulting and the Attempted Murder of the Plaintiff and Causing him Great Bodily Harm in violation of the 8th and 14th Amendment to the U.S. Const. & Art. I, Sec 9 of the Fla. Const, are SUED in His OFFICIAL CAPACITIE for "INJUNCTIVE RELIEF", and in His INDIVIDUAL CAPACITY for Compensatory Relief.

12.

The Plaintiff further Contends that inmates are being beaten, assaulted, and even Killed in almost EVERY Institution that is being Operated by The Fla. DOCs,

(17).   See: State of Florida INCIDENT REPORTS State-WIDE,

The Plaintiff Contends that this Court may also review the SETTLEMENT RECORDS of the Many Cases Settled in State and Federal United States District Courts, for inmates beatings, assaults, and attempted murders and even Deaths of inmates by Correctional Offices and Staff members of the Fla. DOCs.

18      Such material Evidence at this Court disposal CLEARLY DEMONSTRATES that the Plaintiff, LAVAROS DAVIS, BEATING, ASSAULT and ATTEMPTED MURDER, and EXCESSIVE USE OF FORCE AGAINST HIM, is NOT an "ISOLATED INCIDENT."

(19)   Indeed, When it Comes to the beating and attempted murders of Florida's inmates, the PATTERNS is WIDE-SPREADED, in the State of Florida by DESIGN OF DEFENDANT(S) Mark Inch, Secretary of the Florida Department of Corrections, and, Warden Walker Clemmones, of Sante Rosa Correctional Institution, through their Official and Unofficial policies, Customs and practice's.

(20)   The Plaintiff Contends that the Florida Department of Corrections, Mark Inch, and Warden Walker Clemmones at Santa Rosa C.I. EACH OF THEM, have been placed on NOTICE Of the Assaultive and Abusive CONDUCT of these herein named Officers and staff members by a number of Grievance and Complaints, filed by inmates and the Plaintiff, over a period of months to No avail;

13.

## Defendant(s)

(21) Defendant, <u>Walker Clemmons</u>, Warden, of Santa Rosa, Correctional Institution, is charged with the Responsibilites of the daily Operations of the Santa Rosa Correctional Institution, Main Unit and the Annex.

(22) <u>He is also Charged by Viture of Ch. 33 and Florida Statutes, for the Custody, Control and Care of all inmates housed at Santa Rosa C.I.</u>

Defendant Walker Clemmons is also Responsible for Official POLICIES, CUSTOMS and PRACTICES of ALL Staff Member(s), at Santa Rosa C.I. On August 6th, 2020

(23) The Plaintiff Contends that the Action and Inaction of Defendant <u>Walker Clemmon's</u>, Warden of Santa Rosa Correctional Institution, Main Unit and the Annex, in Regards to the Adoption of <u>Official</u> and <u>Unofficial</u> Policies, Customs and Practices at the institutional level that have "ALLOWED" Santa Rosa Correctional Institution, Main Unit and the Annex,

(24). Officer's and Staff Member's to ESTABLISH, Policies, Custom's and Practices of Beating, Assaulting and the Attempted **Murder** of the Plaintiff, by Causing him the injuries herein Complained of in this Complaint, and Causing him Great Bodily Harm, in his head, face, and body, in Violation of the <u>Eighth</u> and <u>Fourteenth</u> Amendment to the United States Federal Constitution, and <u>Art I,</u> <u>Sec. 9,</u> of the Florida Constitution, and Constituted "<u>DELIBERATE INDIFFERENCE</u>" to the Plaintiff(s)

14.

Constitutional Rights NOT to be EXPOSED TO, THE
UNNECESSARY AND WANTON INFLECTION OF PAIN,
PROSCRIBED BY THE EIGHTH, to the United States
FEDERAL Constitution.

(25). The Plaintiff Contends that the Policies, Customs
and Practice of, just TRANSFERRING the Officer's
and Staff members that have been involved in the
Injuries, beating, assaults, attempted murders, and
Deaths) of inmates, TO ANOTHER CORRECTIONAL
INSTITUTION" Instead of "TERMINATING" those
individuals, from the Employment of the "Florida
Department of Corrections", a FAILURE to do so

(26) based on the argument and Material Facts of this
Complaint, Constituted "A CONSTITUTIONAL
DELIBERATE INDIFFERENCE, to the Plaintiff
Health and Safety and Contributed to and
proximately Caused the herein described
Violations of the Eighth and Fourteenth Amend
ment(s) Right(s) and Assault and Battery and the
Attempted Murder of the herein Plaintiff.

(27). The Plaintiff Contends that a Policy, Custom and
Practice is Actions or Inactions that is so well
Settled and permanent" as to Carry the FORCE OF
Law. Under The Color of State Law

## <u>Defendants</u>

(28)   <u>A. Flores</u>, is the Assistant Warden of Operation at Santa Rosa Correctional Institution, he is Charged With the Responsibilities of the day to day operation just as the Warden is, by Viture of <u>Ch. 33</u> and <u>Florida Statute's</u>, for the Custody, Control and Care of all inmates housed at Santa Rosa Correctional Institution, pursuant to <u>Fla. Stat. 944.09 (2017).</u>

(29)   Defendant <u>A. Flores</u>, is also responsible for the Official POLICIE'S, CUSTOM'S and PRACTICE'S Of ALL Staff Member(s) at Santa Rosa C.I. On August 6th, 2020.

The Plaintiff Contends that the Actions and Inactions of the Defendant <u>A. Flores</u>, Asst. Warden of Operation, at Santa Rosa Correctional Institution, Main Unit and the Annex, in regards to the Adoption of Official and Unofficial Policies, Customs and Practice's at the Institutional level that has "<u>ALLOWED</u>" Officers and Staff Member's

(30)   to ESTABLISH, Policies, Custom's and Practice's of Beating Assaulting and the Attempted Murder of the Plaintiff, by Causing him the injuries herein Complained of in this Complaint, and Causing him Great Bodily Harm, in his face head, and body, in Violation of the <u>Eighth</u> & <u>Fourteenth Amendment to the United States</u> <u>FEDERAL</u> Constitution and <u>Art 1, Sec. 9</u>, of the <u>Florida Constitution</u> and Constituted <u>DELIBERATE INDIFFERENCE</u> to Plaintiff's Constitutional Rights NOT to be,

(31). EXPOSED TO the UNNECESSARY AND WANTON INFLECTION OF PAIN, PROSCRIBED BY THE EIGHTH, to the United States FEDERAL CONSTITUTION, Constituted CRUEL AND UNUSUAL PUNISHMENT AND DELIBERATE INDIFFERENCE.

(32). The Plaintiff further State that this Defendant, actions and inactions Constituted A CONSTITUTIONAL DELIBERATE INDIFFERENCE to the Plaintiff(s) Health and Safety and Contributed to and proximately Caused the herein described Violations of the Eighth and Fourteenth Amend ment(s) Right(s) and Assault and Battery and the Attempted Murder of the herein Plaintiff.

(33). The Plaintiff Contends that a Policy, Custom and Practice is Actions or Inactions, that is So Well Settled and Permanent" as to Carry the FORCE of law, Under the Color of State law.

## Defendant(s)

(34). __J. Santiago,__ is the Assistant Warden of Programs at Santa Rosa Correctional Institution, She is Charged with the Responsibilities as Assistant Warden over Programs with the Same day to day operation just as the Warden is by Viture of __Ch. 33__ and __Florida Statutes,__ for the Custody, Control and Care of all Inmates housed at Santa Rosa Correctional Institution, pursuant __Florida Statutes 944.09(2017).__

(35). Defendant __J. Santiago,__ is also responsible for the Official Policies, Customs and Practices of ALL Staff Member(s) at Santa Rosa C.I., On August 6th, 2020
The Plaintiff Contends that the Actions and Inactions of the Defendant __J. Santiago,__ Asst. Warden of Programs, at Santa Rosa Correctional Institution Main Unit and the Annex, in regards to the **Adoption** of Official and Unofficial, Policies, Customs and

(36). Practices at the Institutional leve that has "**ALLOWED**" Officers and Members of Staff, to "__ESTABLISH__", Policies, Customs and Practices of Beating, Assaulting and the Attempted Murder of the Plaintiff by Causing him the injuries herein Complained of in this Complaint, and Causing him Great Bodily Harm in his Face, head and body; in Violation of the __Eighth__

(37). & __Fourteenth Amendment to the United States__ __FEDERAL Constitution__ and __Art. 1, Sec. 9,__ of the Florida Constitution and Constituted __DELIBERATE INDIFFERENCE,__ to Plaintiff(s)

18.

Constitutional Rights NOT to be EXPOSED TO the UNNECESSARY AND WANTON INFLECTION OF PAIN, PROSCRIBED BY THE EIGHTH AMENDMENT, to the United States FEDERAL CONSTITUTION, Constituted CRUEL AND UNUSUAL PUNISHMENT AND DELIBERATE INDIFFERENCE.

(38). The Plaintiff further State against this Defendant that her Actions and Inactions Constituted A CONSTITUTIONAL DELIBERATE INDIFFERENCE to the Plaintiff(s) Health and Safety and Contributed to and proximately Caused the herein described Violations of the Eighth and Fourteenth Amendment(s) Right(s) and Assault and Battery and the Attempted Murder of the herein Plaintiff.

(39). The Plaintiff Contends that a Policy, Custom and Practice is Actions or Inaction, that is So Well Settle and "Permanent" as to Carry the FORCE of law, Under "Color of State Law.

## Defendant(s)

(40). Dr. Rodriguez, is the Chief Medical Officer, at Santa Rosa Correctional Institution, (that is on Information and belief); he is Charged With the day to day Care of the inmates and the Plaintiff, pursuant to Ch. 33 and Fla Stat. 945.603, 945.601, et Seq, 944.023.

(41). Defendant, Dr. Rodriguez, is also responsible for the Implementation of proper procedures that Would ensure that the Plaintiff receive adequate medical treatment, for HEAD, FACE and Body Injuries. However, Dr. Rodriguez, failed to have a "BRAIN SCAN" performed on Plaintiff, after his Was Beaten, Assaulted and Attempted Murder, by the herein Named Correctional Officer(s), Who SLAMED his head on the Concrete floor until the back of his head Split-Open.

(42). The Plaintiff Contends that the BRAIN SCAN, Would have been to determine Whether Or Not the Plaintiff, Was Bleeding in his BRAIN, from the officer(s) herein named, Slamming his head on the Concrete floor and punching him in his face and head With a "CLENCHED FIST," Such hits to the Head, have been Known to Cause Football Players and Boxers to be "Paraplegic".

(43) Nurse Jane Dow, and Nurse Sing, Can be Seen on VIDEO-FOOTAGE, 8-6-2020, Cleaning blood from the back of the Plaintiff Head and face. He received no further Medical Treatment for his injuries, and Was placed back in a Cell.

20.

(44) Dr. Rodriquez, being fully aware of the PATTERN the Santa Rosa C.I. Correctional Officer(s) and Staff Member(s) have been beating, assaulting, attempt Murder and some times kill the inmate,

(45)   Defendant Dr. Rodriquez, and his Staff has FAILED to Report these Beating, Assaults, Attempted Murder(s) and Unnecessary excessive Use of FORCE, by these Officer's and Staff Members, to the REGIONAL DIRECTOR; even When these Individual, HAS A "HISTORY" of beating, assaulting and Attempting to Murder the inmates here at Santa Rosa C.I.

(46).   The Plaintiff Contends that such, policies, Customs, and practices by Dr. Rodriquez, has "EXPOSED" him to THE UNNECESSARY AND WANTON INFLECTION OF PAIN PROSCRIBED BY THE EIGHTH AMENDMENT to the United States FEDERAL CONSTITUTION, Constituted CRUEL AND UNUSUAL PUNISHMENT AND DELIBERATE INDIFFERENCE, Under Color of State law.

## Defendant(s)

47. Defendant(s), <u>Jane Dow, Nurse & Nurse Sing.</u>
    They are Nurses, in the Santa Rosa Medical Department.
    While the Plaintiff was in the Medical Department,

48). They <u>ENCOURAGED</u> the Officer(s) "to further, "Beat, Assault,
    and Attempted Murder of the Plaintiff, by their <u>FAILURE</u>
    <u>TO REPORT</u> Such Constitutional Violation to their
    "<u>SUPERIORS</u>", immediately at the Institutional level
    and NOT at all to Tallahassee, Florida, <u>of the Officers</u>
    <u>and Staff Members Subjecting the Plaintiff to cruel and</u>
    <u>Unusual Punishment.</u>

(49). The Plaintiff further Contends that the Action of
    Nurse Jane Dow and Nurse Sing, or Inaction, and
    FAILURE to take Some action to CURB the KNOWN
    <u>PATTERN</u> of PHYSICAL ABUSE OF the Plaintiff and Other
    inmates that have encountered here at Santa Rosa C.I.,
    Constituted. <u>DELIBERATE INDIFFERENCE</u> to the Plaintiff(s)
    Safety and Contributed to and proximately Caused

(50). the herein described Violation of the Eighth Amend-
    ment rights and the Beating, Assault and Battery and the
    Attempted Murder of the Plaintiff. Which Constituted,
    the Unnecessary And Wanton Inflection of Pain
    proscribed by the <u>Eighth Amendment, to the United</u>
    <u>States Constitution, and Art I, Sec. 9 of the Florida</u>
    <u>Constitution.</u>

22.

## Defendant(s)

(51). The Actions of Defendant(s), Lieutenant (Lt. John Dow, Knoyosedo), Sergeant (Sgt) Daniel, CO.I, Vaugh, CO.I, Newcome, John Dow #(1), Camera Man, John Dow #(2), Officer Watching the Incident John Dow #(3), Officer Watching the Incident

(52).     The Plaintiff Lavaros Davis, # M 63150, Contends that during the Beating, Assault and Battery, the Attempted Murder of him, by the herein named Officers, he did NOT fight back, resist or Threaten these Officers in any way, nor did he violate any of the Rules and Regulations of the Florida Department of Corrections

(53)     The above Named Officers, engaged in a UNCONST--ITUTIONAL EXCESSIVE USE OF FORCE AGAINST the Plaintiff, Under Color of State law. They used Physical force against the Plaintiff Without NEED or PROVOCATION or in "FAILING" to INTERVENE to PREVENT the UNCONSTITUTIONAL EXCESSIVE USE OF FORCE, Were done MALICIOUSLY and SADISTICALLY and Constituted CRUL and UNUSUAL PUNISHMENT, in Violation of the Plaintiff Eighth and Fourteenth Amendment Right(s) to the United States Constitution.
    They are SUED, "each" of them in their Individual and Official Capacities.

23.

## Relief Sought

(54). The Plaintiff PRAYS this Court to Grant Him the following Relief:

A. Issue a declaratory Judgment Stating that:

1. The physical abuse, the beating, Assault and Battery and Attempted Murder of the Plaintiff by the Defendant(s) Lieutenant (Lt) John Dow #(1) (Knoyosedo), Sgt. Daniel, C.O.1, Vaugh, C.O.1, Newcome, C.O.1, John Dow #2 Camera man, John Dow #(3) Watching the incident, John Dow #(4) Watching the incident, Violated the Plaintiff(s) rights under the 8th and 14th Amendment to the United States Constitution and Constituted an Attempted Murder of the Plaintiff

(55). B). Defendant Mark Inch, Unofficial Policies, Customs, and Practices of allowing the Defendants (herein named), at the Institutional level to ESTABLISH Suc Policies, Customs and Practices of beatings, Assaults attempted murders, injuries Causing Great Bodily Harm, Violated the Plaintiff(s) right(s) under the Eighth Amendment to the United States Constitution. and Constituted an Attempted Murder of the Plaintiff.

(56). (3) Defendant Walker Clemmons, Warden, Actions, in the Adoption of Official and Unofficial. Policies, Customs and Practices that ALLOWED Officers and Staff Members to ESTABLISH, Policies, Customs and Practices of beating, assaulting and the Attempted Murder of the Plaintiff, by Causing him the injuries herein Complained of in this Complaint and Causing him Great Bodily Harm, in his Head, face and body, in Violation of the Eighth and Fourteenth, Amendments to the United States FEDERAL Constitution and Art 1, sec. 9, of the Florida Constitution, and Constituted DELIBERATE

(57). INDIFFERENCE to the Plaintiff(s) Constitutional Rights NOT to be EXPOSED to The Unnecessary and Wanton Inflection of Pain Proscribed by the Eighth Amendment to the United States Constitution.

(58) 4. Defendant A. Flores, and J. Santiago, Assistant Wardens EACH of them is also responsible for the Official Policies, Customs and Practice of ALL Staff Members and Officers at Santa Rosa C.I. On August 6th, 2020, The Plaintiff Contends that the Actions and Inactions of Defendant Flores and Santiago, in Adoption of Official and Unofficial, Policies Customs and Practices at the Institutional level that has ALLOWED Officers and Staff Members

(59) to ESTABLISH Policies, Customs and Practices of Beating, Assaulting and the Attempted Murder of the Plaintiff by Causing him the injuries herein Complained of, Causing him Great Bodily Harm in his Face, Head and Body, in Violation of the Eighth and Fourteenth Amend-ments to the United States Constitution and Art. 1, Sec. 9, of the Florida Constitution, and Constituted DELIBERATE INDIFFERENCE to Plaintiff(s) Constitutional Rights, NOT to be EXPOSED To the Unnecessary and Wanton Inflection of Pain, Proscribed by the Eighth Amendment, to the United States Constitution, and Constituted CRUEL and Unusual Punishment.

(60) B. Issue an Injunction Ordering Defendant, Mark Inch, or his agent(s) to; Immediately expunge any and Polices, Customs and Practices that Will ALLOW Plaintiff to be Harmed by Officers and Staff Members beating, assaulting and attempting to Murder him.

(61) (2). Immediately arrange for the Plaintiff to receive a **BRAIN SCAN** to determine the extent of the Plaintiff BRAIN INJURY, and other follow-up medical treatment to be evaluated by a OUT-SIDE medical practitioner With expertise in the treatment of "Brain injuries" and (3) Carry out Without delay the treatment directed by Such medical Practitioner.

25.

(62). C. Award Compensatory damages in the following amounts:

1. Two Point five (2.5) Million Dollars jointly and Severally against defendants, Lieutenant (Lt) John Dow #(1) (Knoyosedo), Sgt. Daniel, C.O.1, Vaugh, CO.1, NewCome. CO.1 John Dow #(2) Camera man, John Dow #(3), Watching the incident, John Dow #(4) Watching the incident. and Clemmons, Flores, Santiago, Dr. Rodriquez, Nurse Jane Dow, and Nurse Sing, for the Physical injuries Sustained as a result of the Plaintiff beating, assault and the Attempted Murder of the Plaintiff.

(63). (2). $100,000.⁰⁰ jointly and Severally against defendant Dr. Rodriquez, Nurse Jane Dow, and Nurse Sing, for the physical injuries resulting from their FAILURE to provide adequate medical Care to the Plaintiff.

D. Award punitive damages in the following amounts: "againsts all defendants" (with the "EXCEPTION" of Mark Inch, Sect. Fla DOCs. $50,000.⁰⁰.

E. Grant Such other relief as may be granted

Respectfully Submitted,

/s/ _____

## VI.   STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific.  Number each separate claim and relate it to the facts alleged in Section V.  **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

See Pages 11-to-23.

The Plaintiff Contends that the Defendant(s) herein named actions and inaction Violated his Eighth and Fourteenth Amendment(s) Right(s) which Constituted DELIBERATE INDIFFERENCE.

## VII.   RELIEF REQUESTED:

State briefly what relief you seek from the Court.  Do not make legal arguments or cite to cases/ statutes.

Relife Sought, is Compose upon pages 24-25-26.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

_____          _____
(Date)                                              (Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the _____ day of _____, 20_____.

_____
(Signature of Plaintiff)

Revised 03/07

7

27.




U.S. POSTA[GE]

ZIP 32583
02 4W
0003684

MAILED FROM A STATE
CORRECTIONAL INSTITUTION

LAVARUS DAVIS MG3150
SANTA ROSA CORRECTIONS INSTITUTION
5850 EAST MILTON ROAD
MILTON, FL 32583-7914

LEGAL MAIL

LEGAL MAIL

CLERK, U.S. DISTRICT COURT
ONE NORTH PALAFOX STREET
PENSACOLA, FLORIDA 32502-5658

RECEIVED NOV 10 2020