UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAVAROS DAVIS,

    Plaintiff,

v.                          Case No. 3:20cv5935-MCR-HTC

SGT. DANIELS, et al.,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' motion to dismiss Plaintiff's complaint for failure to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA"). ECF Doc. 25. Alternatively, Defendants move, at a minimum, for dismissal of Plaintiff's declaratory relief and Fourteenth Amendment claims. *Id.* Upon consideration of Plaintiff's response, (ECF Doc. 33), Defendants' reply, (ECF Doc. 36), and Plaintiff's sur-reply (ECF Doc. 37)[1], the undersigned recommends the motion be DENIED in part because Plaintiff properly exhausted his administrative remedies

---

[1] Plaintiff titles his reply as a "motion to reply to Defendant's reply to Plaintiff's reply." ECF Doc. 37 at 1. However, upon review, it is clear the filing is not a motion, but simply a reply. Although Plaintiff did not move to file a sur-reply, the Court has nonetheless considered it. Thus, the clerk will be directed to terminate the motion.

and GRANTED in part as to Plaintiff's declaratory relief and Fourteenth Amendment claims.

## I. BACKGROUND

Plaintiff Lavaros Davis, an inmate of the Florida Department of Corrections ("FDOC"), proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, asserting claims against Defendants Lieutenant Nousiaine, Sergeant Daniels, Colonel Vaughn, and Colonel Newcomb for alleged use of excessive force arising out of an incident occurring at Santa Rosa Correctional Institution ("SCRI") on August 6, 2020.

## II. FAILURE TO EXHAUST

As stated above, Defendants move to dismiss this action on the ground that Plaintiff failed to exhaust his administrative remedies. The crux of Defendants' argument is that a formal grievance Plaintiff filed, which referenced an incident occurring on August 8, rather than August 6, was insufficient to give the agency notice of the subject incident. As discussed below, the undersigned disagrees.

### A. Legal Standard

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of all available

administrative remedies is a mandatory precondition to suit. *See Booth v. Churner*, 532 U.S. 731, 739 (2001). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both. *See Booth*, 532 U.S. at 734, 741. The requirement is not subject to waiver by a court or futility or inadequacy exceptions. *See id.* at 741 n. 6.

Moreover, the PLRA requires "proper exhaustion" so that the agency has an opportunity to address the issues on the merits. *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006); *see also id.* at 95 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules"). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record." *Jones v. Bock*, 549 U.S. 199, 204 (2007).

Additionally, a plaintiff must exhaust his available administrative remedies as to *each claim* set forth in his complaint. *See Martinez v. Minnis*, 257 F. App'x 261,

265 n. 5 (11th Cir 2007) (finding prisoner who filed grievance concerning numerous claims failed to exhaust a retaliation claim because grievance "did not mention retaliation or use any words synonymous with or indicating retaliation, nor did it provide the BOP with notice of allegedly retaliatory action or the opportunity to correct it"). A court must dismiss an action if it is satisfied that an inmate failed to properly exhaust his available administrative remedies before filing suit. *See Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000).

The defense of failure to exhaust should be treated as a matter in abatement. *See Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008). "This means that procedurally the defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (quoting *Bryant*, 530 F.3d at 1374). Because exhaustion is a matter in abatement, "it should be raised in a motion to dismiss or be treated as such if raised in a motion for summary judgment." *Bryant*, 530 F.3d at 1374-75 (citation and internal quotation omitted).

When deciding a motion to dismiss for failure to exhaust administrative remedies, the Court uses a two-step process. *Turner*, 541 F.3d at 1082. "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the

facts as true. If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.*

"If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* It is the defendant's burden to prove "that the Plaintiff has failed to exhaust his available remedies." *Id.* "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." *Id.* at 1083.

### B. The Grievances

In Defendants' motion, Defendants argue Plaintiff failed to exhaust the instant excessive force claim because he had "no approved grievances, informal or formal, that relate to an incident occurring on August 6, 2020." ECF Doc. 25 at 9. Defendants also argue Plaintiff failed to file any grievance appeals regarding the instant claims. *Id.* In support of the motion, Defendants rely on the Declaration of Lisa Vaughn, a Sentence Specialist at SRCI. ECF Doc. 25-1. According to Ms. Vaughn, she reviewed Plaintiff's file for "any informal or formal grievance filed during the period of August 6, 2020, through November 3, 2020," and did not identify any applicable grievance. *Id.*

In Plaintiff's response, Plaintiff disputes those facts and explains he filed one informal grievance and two formal grievances related to the August 6, 2020. ECF Doc. 33 at 1-2. Plaintiff attaches each of those grievances to the response. *Id.* 3-8. Those grievances show that (1) on August 9, 2020, Plaintiff filed an informal grievance, #135-2008-0168, complaining about an alleged excessive force incident involving the Defendants and occurring on August 6, 2020, which was denied on August 17, 2020; (2) on August 12, 2020, Plaintiff filed a formal grievance, #2008-135-103, complaining about an excessive use of force incident involving these Defendants occurring on August 8, 2020, which was approved on September 1, 2020; and (3) on August 19, 2020, Plaintiff filed a formal grievance, #2008-135-133, complaining of an excessive use of force incident involving the Defendants occurring on August 6, 2020, which was returned without action on September 9, 2020, because grievance 2008-135-103 had already been approved.

Based on Defendants' failure to reference any of these grievances in their motion, Plaintiff argues Ms. Vaughn made a false statement in her declaration and further contends she did so because she is related to Defendant Colonel Vaughn. *Id.* at 2.

Subsequently, with approval from the Court, Defendants filed a reply to Plaintiff's response. ECF Doc. 36. In Defendants' response, Defendants do not dispute the authenticity of the grievances relied upon by Plaintiff. Instead,

Defendants explain that because the only approved grievance was the August 12, first formal grievance, #2008-135-103, which "rais[ed] allegations regarding an incident **on August 8, 2020,**" that grievance "did not put the Department on notice of, any incident on August 6, 2020, which is the subject of Plaintiff's Complaint." *Id.*

### C. Analysis

Plaintiff's complaint is not subject to dismissal for failure to exhaust under the first step of the *Turner* analysis because Plaintiff alleges he has exhausted his administrative remedies. Thus, the Court must proceed to step two and make specific factual findings to resolve the conflict between Defendants' alleged facts and Plaintiff's alleged facts.

The grievance procedure that must be followed is determined by the agency – here, the FDOC. *See Jones*, 549 U.S. at 218. Under the first step of the FDOC procedures, prisoners must file an informal grievance within twenty (20) days of the date of the alleged incident. Fla. Admin. Code § 33–103.011(1)(a). Plaintiff complied with that step when he filed the August 9, 2020, informal grievance #135-2008-0464.

In the August 9, informal grievance, Plaintiff alleges that on August 6, "at around 3" in the morning, "the (Lt.) force[d] the extraction team" on him. ECF Doc. 33 at 6. Plaintiff alleges that the extraction team, consisting of Defendants Vaughn

and Daniels, and other officers, used excessive force on him, including "punching" him in his head. *Id.* Defendants do not dispute that the August 9 grievance relates to the incident at issue in this case, which also alleged the events occurred on August 6, 2020, at approximately 3:15 A.M., and involved the same cell extraction team and circumstances.

Because that August 9, informal grievance was denied, Plaintiff was required to file a formal grievance within fifteen (15) days of the denial. Fla. Admin. Code §§ 33-103.006(1)(a) and (2)(g), 33-103.011(1)(b)(1). Plaintiff also completed this second step. As stated above, Plaintiff filed two formal grievances. The first formal grievance, #2008-135-103, was filed on August 12, 2020. ECF Doc. 33 at 8. Defendants argue this formal grievance was insufficient to put the agency on notice of the incident, which comprises the subject of this suit, because Plaintiff identified the incident as occurring on August 8, rather than August 6. Defendants' argument fails. A review of the contents of the grievance shows that it is about the very same incident that brings the Plaintiff to this Court.

Like the facts alleged in the complaint and the August 9 informal grievance, Plaintiff asserts that after he failed to put his hands through the flap, the Lieutenant determined that Plaintiff was refusing to "cuff up" and, in response, the cell extraction team, consisting of Sergeant Daniels, Colonel Vaughn, Colonel

Newcomb, assaulted him. *Id.* The fact that Plaintiff had a "slip of the pen" in the date that incident occurred when he wrote that formal grievance is of no import.

The purpose of the PLRA's exhaustion requirement "is to put [the agency] on notice of all of the issues in contention and allow the [authority] an opportunity to investigate those issues." *Chandler v. Crosby*, 379 F.3d 1278, 1287 (11th Cir. 2004) (citations omitted). This Court has stated that a grievance suffices to exhaust a claim "if it alerts the prison to the nature of the wrong for which redress is sought." *Harvard*, 411 F. Supp. 3d at 1248 (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). Plaintiff's August 12, 2020, formal grievance, regardless of the date error, clearly provided such notice.

Defendants' attempt to shape Plaintiff's typo into a failure to provide notice is misguided. Indeed, courts have been unwilling to apply the notice requirement so stringently. *See Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1219 (11th Cir. 2010) (finding that although the plaintiffs "first grievance did not name a particular defendant, it accomplished § 1997e(a)'s purpose by alerting prison officials to the problem and giving them the opportunity to resolve it before being sued"); *see Jones*, 549 U.S. at 219 (concluding that exhaustion is not per se inadequate simply because an individual later sued was not named in the grievances").

Case No. 3:20cv5935-MCR-HTC

In *Edwards v. Schrubbe*, 807 F. Supp. 2d 809, 812 (E.D. Wis. 2011), the defendants argued plaintiff failed to timely exhaust because he put the "wrong date" on the inmate complaint when he meant to complain of an ongoing issue. The court explained that "[t]he institution-complaint examiner, the reviewing authority, and the defendants here have all taken an unreasonably narrow view of plaintiff's inmate complaint by focusing exclusively on the date plaintiff wrote in the box labeled 'date of incident or denial of request.'" *Edwards*, 807 F. Supp. 2d at 812. It was clear to the court, when "[r]eading the complaint as a whole," . . . "that plaintiff was complaining about an ongoing denial of medical treatment rather than one isolated incident," and, therefore, Plaintiff timely exhausted. *Id*.

Likewise, Defendants have taken an unreasonably narrow view of Plaintiff's first formal grievance. Defendants' position is not only untenable, but it is contrary to how the agency treated the formal grievance. Namely, when the Warden returned the second formal grievance, #2008-135-133, without action, the Warden explained he was doing so because "this issue was previously addressed and reported to the office of the inspector general in relation to *the grievance #2008-135-103 [i.e. Plaintiff's approved grievance]*. . . . ECF Doc. 33 at 5 (emphasis added). Thus, the Warden also treated the two grievances as involving the same incident, regardless of the differing dates. The Warden's position undermines Defendants' argument that the first formal grievance was insufficient to provide the agency notice of the subject

Case No. 3:20cv5935-MCR-HTC

of this suit. *See Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1213-14 (11th Cir. 2015) ("district courts may not find a lack of exhaustion by enforcing procedural bars that the prison declined to enforce.").

Because the first formal grievance was approved, Plaintiff was not required to file an appeal - the third step of the FDOC grievance procedure to appeal. *See Williams v. Dep't of Corr.*, 678 F. App'x 877, 881 (11th Cir. 2017) (holding that a plaintiff is not required to appeal from a grant of relief to exhaust his administrative remedies); *Norman v. Maddox*, No. 4:20-CV-437-MW-MJF, 2021 WL 2144251, at *5 (N.D. Fla. Apr. 27, 2021), *report and recommendation adopted*, No. 4:20CV437-MW/MAF, 2021 WL 2139423 (N.D. Fla. May 26, 2021) (same); *Harvard*, 411 F. Supp. 3d at 1248 (holding that Florida prisoner, whose informal grievance was approved by the defendants, "did not need to appeal his grant in order to exhaust his administrative remedies"). Thus, Plaintiff has exhausted his administrative remedies.

### III. DECLARATORY RELIEF

Defendants argue Plaintiff's claims for declaratory relief must be dismissed because Plaintiff seeks a declaration of wrongdoing regarding past conduct. ECF Doc. 25 at 9-10. Citing Plaintiff's complaint, Defendants highlight that Plaintiff has been placed in confinement for protective review by the institutional classification team and he is no longer in the institution that this incident took place. ECF Doc.

25 at 9-10. As an initial matter, Defendants have provided no support for these factual allegations. Defendants cite to the complaint to support these facts, but no such facts are contained in the complaint. To the contrary, according to the complaint, Plaintiff is still housed at Santa Rosa Correctional Facility where the incident occurred.[2]

Regardless, Defendants are correct that Plaintiff is not entitled to this declaratory relief regarding past conduct. *See Hitchcock v. USAA Cas. Ins. Co.*, No. 618CV1986ORL28EJK, 2020 WL 364600, at *2 (M.D. Fla. Jan. 22, 2020); *Regency of Palm Beach, Inc. v. QBE Ins. Corp.*, No. 08-81442-CIV, 2009 WL 2729954, at *4 (S.D. Fla. Aug. 25, 2009) ("The point of a declaratory judgment is to permit 'actual controversies to be settled before they ripen into violations of law,' not to adjudicate past conduct." (quoting *Great Lakes Reinsurance (UK) PLC v. TLU Limited*, 07-61259-Civ, 2008 WL 828122 (S.D. Fla. Mar. 27, 2008)). Thus, to the extent Plaintiffs seeks relief for past conduct in the form of a declaration that Defendants violated his constitutional rights, such relief is improperly sought.

## IV. FOURTEENTH AMENDMENT CLAIM

Defendants also argue Plaintiff's claim that Defendants violated his rights under the Fourteenth Amendment of the United States Constitution should be

---

[2] This can also be confirmed through a search of the institution's website. See http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=M63150&TypeSearch=AI

Case No. 3:20cv5935-MCR-HTC

dismissed. The undersigned agrees. The Supreme Court has established that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment . . . must be the guide for analyzing such a claim." *Albright v. Oliver*, 510 U.S. 266, 266 (1994) (internal quotations omitted). Plaintiff alleges Defendants violated his Eighth and Fourteenth Amendment rights. ECF Doc. 1. A claim for excessive force arises under the Eighth Amendment for prisoners serving a sentence. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) ("In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners"). Thus, Plaintiff's claim under the Fourteenth Amendment should be dismissed.

Accordingly, it is ORDRED:

1. The clerk is directed to correct the docket entry for ECF Doc. 37 to identify the filing as a reply to ECF Doc. 36, rather than as a motion, and to terminate the motion.

It is respectfully RECOMMENDED:

1. Defendants' Motion to dismiss (ECF Doc. 25) be DENIED in part and GRANTED in part.

2. Plaintiff's Fourteenth Amendment claims and claims for declaratory relief be DISMISSED.

3.   This matter be referred to the undersigned for further proceedings.

Done at Pensacola, Florida, this 26th day of October 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days of the date of this report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.