UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAVAROS DAVIS,

    Plaintiff,

v.                                            Case No. 3:20cv5935-MCR-HTC

SGT. DANIELS, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Lavaros Davis' "Notice of Memorandum of Law," and "Declaration in Support of Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction".[1]  ECF Docs. 41, 42. Defendants Vaughn, Nousiaine, Daniels and Newcomb ("Defendants") filed a response in opposition.[2]  ECF Doc. 48.  Thereafter, Plaintiff filed a "Motion in Response to Defendants Motion to Dismiss Plaintiff TRO and Injunction," which

---

[1] Although Plaintiff filed a memorandum and declaration, he did not file a motion. The Court will nonetheless consider these materials as if a motion had been filed and treat the two filings as a combined motion and memorandum of law.

[2] Although Defendants state in the opposition that they are responding to Plaintiff's submissions "per the Court's order at ECF Doc. 56," there is currently no such docket number of the electronic docket.

the Court will treat and accept as a reply (even though Plaintiff did not seek leave to file a reply). ECF Doc. 51.

Upon consideration, the undersigned recommends Plaintiff's motion be DENIED. As discussed further below, Plaintiff's motion seeks relief for claims of retaliation largely by persons who are not parties to this action. Plaintiff, however, has not asserted a claim for retaliation in this case, nor could he, as such claims could not have been exhausted prior to filing the instant suit. Moreover, Plaintiff's claims of retaliation are contradicted by the undisputed medical records submitted by Defendants.

### I. PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTIVE RELIEF

Plaintiff seeks injunctive relief against Defendant Davis and several non-parties[3] for allegedly denying him medical and mental health treatment, threatening him with physical violence, and using excessive force against him in retaliation for the filing of the instant civil suit. ECF Docs. 41, 42, 51. The instances of retaliation complained of all occurred *after* this suit was filed. Specifically, Plaintiff alleges that on October 26, 2021, Defendant Sergeant Daniels was on Plaintiff's cell extraction team because Plaintiff was hearing voices and attempting suicide. ECF Doc. 41 at 1. When the cameras were turned off, Sergeant Daniels threatened

---

[3] Although Plaintiff states he seeks relief against "Defendants," the only Defendant identified in the motion is Davis.

Case No. 3:20cv5935-MCR-HTC

Plaintiff, saying he was going to "have his friends f*ck [Plaintiff] up" and "destroy [Plaintiff's] personal property" if Plaintiff didn't "drop this suit against him and his friends." ECF Doc. 41 at 1-2. That same day, "$200.48 worth of property was stolen or destroyed." *Id*. at 4.

Plaintiff further alleges that, since he filed the complaint, "Officer Price, Coats, Wentz, and Goss," all non-parties, have refused Plaintiff mental and medical health treatment. ECF Doc. 42 at 2. Moreover, "Sergeant Purge, Sergeant Manners, Lieutenant T. Fendiason, Officer Goss, Lieutenant Givens, Lieutenant Pratt, and Captain S. Norris," also non-parties, told Plaintiff "he has a suit on their friends and if [Plaintiff] drops it they will stop harassing [Plaintiff] and stop refusing mental and medical treatment." *Id*. Plaintiff alleges he is suffering "irreparable harm in the form of continued physical and mental pain and suffering and in increasing risk on physical and mental pain due to [him] getting refused mental health treatment." ECF Doc. 42 at 2.

Finally, Plaintiff alleges that on December 29, 2021, non-parties, Officers Price and Wentz escorted Plaintiff as his hands were cuffed behind his back and his legs were shackled. ECF Doc. 51 at 1. "As soon as we get off camera, I ask them stating you had to cuff me behind the back just to beat me, Officer Price stated—we only do that to inmates that's been giving us a hard time for a while is that you inmate Davis." ECF Doc. 51 at 1. Plaintiff then stated "no, I just write grievances for when

y'all violate my rights." *Id*. "Officer Wentz ask me if I was nervous, I stated no, that's when Officer Wentz turn me to the side a little bit while still walking and step on the shackles and trip me and drove my head to the ground." *Id*. Officer Wentz "repeatedly beat my head on the ground six (6) to seven (7) times, I black out a few times." *Id*.

Plaintiff was "kick[ed] all in the ribs and chest" and "got two (2) black eyes." *Id*. Officer Price told Officer Wentz to "break [Plaintiff's] hands." *Id*. While [Plaintiff] was laying face down on the floor, Officer Wentz went on trying to bend [Plaintiff's] left wrist and right wrist and hand, then pull [Plaintiff's] pants down just a little bit and the officers "stuck their finders in [Plaintiff's] rectum repeatedly. ECF Doc. 51 at 2. Plaintiff was abused "out of retaliation by both officers Price and Wentz due to [his] lawsuit" and because "both names are stated in [his] motion for a TRO and injunction." *Id*. Plaintiff has suffered several injuries from this incident. *Id*. Plaintiff put in sick calls on January 6, 2022 and January 9, 2022 and he "never have been seen by medical and this institution is trying to retaliate on me for this lawsuit I got and tried to break my hands, so I can't write." *Id*.

Plaintiff seeks a "TRO requiring the Defendants to stop sending threats through their agents and a stay away order that keeps the Defendants away from [Plaintiff,] and a preliminary injunction requiring the Defendants and their successors in office, agents, employees and all other persons acting in concert and

participation with them, to stop retaliating against [Plaintiff] in the forms of refusing medical and mental health treatment, have their agents stop threatening in any form and faction (sic)." ECF Doc. 42 at 3.

## II.   DISCUSSION

Requests for temporary injunctive relief are governed by Federal Rule of Civil Procedure 65. The chief function of a temporary restraining order ("TRO") and preliminary injunction "is to preserve the status quo" between the parties "until the merits of the controversy can be fully and fairly adjudicated." *Ne. Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990). Thus, the injunctive relief sought must be closely related to the conduct at issue in the actual complaint. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975); *State v. United States Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("injunctive relief must relate in some fashion to the relief requested in the complaint"). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab'ys*, 72 F.3d 842, 842-43 (11th Cir. 1995) (denying motion for TRO against non-party for lack of subject matter jurisdiction).

The allegations in Plaintiff's motion are entirely different from the claims he raises in this suit and involve people who are not parties to this action. Plaintiff's

suit involves an alleged instance of excessive force occurring on August 6, 2020. ECF Doc. 1 at 5. The instant motion, however, involves instances of retaliation in the form of the denial of health treatment and threats occurring on October 26, 2021, and physical abuse occurring on December 29, 2021. Thus, the relief sought in the motion, which is for Defendant Davis and others to stop retaliating against Plaintiff, is not related to the excessive force claim. The fact that the alleged instances of retaliation were for filing this suit does not make the claims "closely related". *See Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) (finding motion not closely related where "the only connections between the underlying lawsuit and the motion for a preliminary injunction are that both involve the plaintiffs and the defendants, and that the plaintiffs believe the defendants are retaliating against them because of the underlying lawsuit . . . this connection to the complaint is insufficient") (citing *Devose*, 42 F.3d at 471; *Stewart v. U.S. Immigration and Naturalization Serv.*, 762 F.2d 193, 198-99 (2d Cir. 1985))).

The Eighth Circuit dealt with a similar factual scenario in *Devose*. There, the plaintiff's complaint alleged denial of adequate medical treatment for injuries he got from a prison van accident. However, in the motion for preliminary injunction, the plaintiff alleged prison officials were retaliating against him for the underlying civil suit by filing "trumped-up disciplinary charges against him . . . and making him perform work duties beyond his capabilities." *Devose*, 42 F.3d at 471. The Eighth

Circuit affirmed the district court's order denying the motion for temporary injunctive relief because the motion was "based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit." *Id*.

Thus, Plaintiff is not entitled to temporary injunctive relief. Such relief would not maintain the status quo. *See Brown*, No. 5:15CV294/MMP/EMT, 2016 WL 6803133, *2 (N.D. Fla. June 27, 2016), report and recommendation adopted sub nom. *Brown v. Holland*, No. 5:15-CV-00294-MP-EMT, 2016 WL 6780319 (N.D. Fla. Nov. 15, 2016) (denying preliminary injunction where alleged sexual assault by non-parties was not related to the allegations of the underlying complaint which involved access to legal materials).

Moreover, Plaintiff is not entitled to injunctive relief against persons who are not parties to the instant suit. *See Scott v. Donald*, 165 U.S. 107, 117 (1897). "It would be inappropriate to grant Plaintiff injunctive relief against non-party officers who would have had no opportunity to be heard on Plaintiff's claims and allegations." *Brown*, No. 2016 WL 6803133, *2; *see Bethel v. Escambia Cty., FL*, 2006 WL 3780716, at *3 (N.D. Fla. Dec. 20, 2006) ("The persons from whom injunctive relief is sought must be parties to the underlying action."). Plaintiff is also not entitled to an "obey the law" injunction. *See, e.g., Burton v. City of Belle Glade*, 178 F.3d 1175, 1200 (11th Cir. 1999) (holding injunction that prohibited

municipality from discriminating on the basis of race in its annexation decisions "would do no more than instruct the City to 'obey the law'" and therefore was invalid); *Melendez v. Presley*, No. 3:20CV356-LC-HTC, 2020 WL 7212599, at *3 (N.D. Fla. Nov. 5, 2020), report and recommendation adopted, No. 3:20CV356-LC-HTC, 2020 WL 7205259 (N.D. Fla. Dec. 7, 2020) ("[A]n 'obey the law' injunction . . . is unenforceable in this Circuit.").

Also, as the Defendants point out, because the conduct complained of occurred after the instant suit was filed, Plaintiff could not have exhausted the retaliation claims raised in the motion before filing this suit. Thus, Plaintiff cannot amend the instant suit to add such claims. *See Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (making clear that a plaintiff must exhaust his administrative remedies *before filing suit* and holding that a supplemental complaint cannot cure an exhaustion defect); *Leao v. Hartman and Tyner, Inc.*, 2014 WL 12603171, at *1 (S.D. Fla. Mar. 17, 2014) (denying plaintiff's motion for leave to amend to state a claim of retaliation because the facts upon which the claim was based did not occur until after the original complaint was filed and finding that "the better practice for proceeding with this type of claim . . . is to proceed with a second, separate lawsuit").

Finally, even if the relief sought was closely related to the excessive force claim, Plaintiff cannot meet the requirements for injunctive relief. A court may grant a TRO or preliminary injunction, "only if the moving party shows that: (1) it has a

substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four (4) prerequisites. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir. 1983).

Here, the Court need not comb through each element because it is abundantly clear that Plaintiff's assertion that he has been denied medical and mental treatment is belied by the medical records attached to Defendants' response. ECF Doc. 48-1. Those records show that Plaintiff was not denied medical treatment; instead, Plaintiff refused medical and mental treatment over twenty-five (25) times, including before and after the October 26, 2021, alleged threat made by Defendant Daniels. ECF Docs. 48-1 at 1-41, 121, 124. Also, although there were a few instances when Plaintiff was unable to get medical treatment, the reason for such denial of treatment was because of security or scheduled prison-wide events – not retaliation. *See*, e.g. ECF Docs. 48-1 at 83, 126. Thus, Plaintiff cannot show either substantial success on the merits or irreparable harm. *See James v. Scribner*, 2010 WL 3942844, *1 (E.D. Cal. Oct. 4, 2010) (denying preliminary injunction to plaintiff who argued he

was excessively denied court/library access, where prison library logs attached to defendants' response show that plaintiff has been granted access to the law library on a regular basis).

Accordingly, it is respectfully RECOMMENDED:

That Plaintiff's Request for Temporary Restraining Order and Preliminary Injunction (ECF Docs. 41, 42, 51) be DENIED.

At Pensacola, Florida on this 8th day of February 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:20cv5935-MCR-HTC