UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAVAROS DAVIS,

   Plaintiff,

v.                               Case No. 3:20cv5935-MCR-HTC

SGT. DANIELS, et al.,

   Defendants.
_____/

## ORDER

On August 31, 2022, Defendants Daniels, Newcomb, Nousiane, and Vaughn ("Defendants") filed an amended motion for summary judgment, with exhibits. ECF Doc. 96. If Plaintiff opposes Defendants' motion, Plaintiff shall file a response consistent with this Order.

In responding to the amended motion for summary judgment, Plaintiff should pay close attention to the discussion below of the types of evidentiary support he must rely upon in opposing the motion. In short, he cannot rely upon mere allegations or bare legal conclusions; he must file sworn testimony, affidavits, or any other documents or evidentiary materials as required by Federal Rule of Civil Procedure 56 and Local Rule 56.1(C). Although Plaintiff is the nonmoving party, having brought this action against Defendants, he has the burden of proof on the elements of his claim. Summary judgment will be granted "if the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The rule does not require a party seeking summary judgment to submit evidence <u>negating</u> Plaintiff's claim, but only to demonstrate ("<u>with or without supporting affidavits</u>") the Rule 56(a) standard is satisfied. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Plaintiff must dispute or contradict Defendants' arguments with evidence of a substantial nature, as distinguished from legal conclusions or mere allegations. Plaintiff cannot successfully defeat Defendants' motion with mere formal denials or general allegations that do not disclose the facts in detail and with precision, nor can he simply rely upon the pleadings. A general denial unaccompanied by any evidentiary support will not suffice. *See, e.g.*, *Courson v. McMillian*, 939 F.2d 1479 (11th Cir. 1991); *Hutton v. Strickland*, 919 F.2d 1531 (11th Cir. 1991).

Evidentiary material that is acceptable in opposition to a motion for summary judgment includes "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A). Affidavits must be based on personal knowledge, setting forth such facts as would be admissible into evidence and affirmatively showing the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(c)(4). If affidavits or other evidence are unavailable, Plaintiff should indicate this by his

own affidavit, specifying the reasons why, and he should file a motion for extension of time if such is necessary to obtain the evidence. Fed. R. Civ. P. 56(d). If Plaintiff is unable to present, by affidavit or other evidence, facts essential to justify his opposition to Defendants' motion, then Plaintiff must file a sworn statement as to why he is unable to do so. *Id.* Plaintiff should thoroughly review Rule 56 of the Federal Rules of Civil Procedure as well as Local Rule 56.1 before responding to Defendants' motion.

Materials submitted on a motion for summary judgment are viewed in the light most favorable to the party opposing the motion (Plaintiff), but unreasonable and speculative inferences will not be drawn from the materials. *See Tyler v. Vickery*, 517 F.2d 1089 (5th Cir. 1975).[1] Evidence filed by Defendants in support of the motion for summary judgment may be accepted as true by the Court if Plaintiff does not file contrary evidence in the form of sworn affidavits or other materials in compliance with Rule 56. *See Brown v. Shinbaum*, 828 F.2d 707 (11th Cir. 1987).

Plaintiff's summary judgment response must include an opposing memorandum. *See* N.D. Fla. Loc. R. 56.1(C). In this memorandum, Plaintiff must either include his own statement of facts in opposition, or he must otherwise respond to Defendants' statement of facts. *Id.* Each assertion of fact that is made must be

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions handed down by the Fifth Circuit before the close of business on September 30, 1981.

Case No. 3:20cv5935-MCR-HTC

supported by a pinpoint citation to the record evidence that supports that assertion—identifying the docket, exhibit, and page or paragraph number as necessary. *Id.* Plaintiff's statement of facts may not be set out in a separate document; it must be included in the memorandum. *Id.* In total, Plaintiff's memorandum must not exceed 8,000 words in length. Any evidentiary materials Plaintiff submits in support of his response to Defendants' motion should be attached to his memorandum but should not be included in the word count. Plaintiff shall include a certificate stating the number of words in the memorandum.[2]

Only those pleadings and evidentiary materials currently in the record or filed in accordance with this Order will be considered by the Court in ruling on Defendants' motion. A motion for summary judgment will result in a final judgment without trial or any further proceeding if the pleadings, sworn affidavits, and other evidentiary materials properly filed in the record show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 322-23; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). The motion for summary judgment may be resolved against a party without

---

[2] The Court recognizes that many of its *pro se* litigants do not use computer word processing software when drafting pleadings and documents for the Court and that as a result, Local Rule 7.1(F), which allows a party to rely upon the automatic word-counting function that such software packages generally provide, is unavailable to them. Accordingly, should Plaintiff need to submit his memorandum without the use of such software, the Court will accept without further investigation that the memorandum is within the word limit so long as it: (1) is drafted in an ordinary typewritten font or an ordinary handwriting size; (2) is double-spaced; (3) observes a one-inch margin on all sides of the page; and (4) is no longer than thirty (30) pages in length.

a hearing—and without further notice—at any time after the party has had an opportunity to file a memorandum and evidence under Local Rule 56.1. *See* N.D. Fla. Loc. R. 56.1(G). **Plaintiff is further advised that if Plaintiff fails to file a response to the motion, the Court will consider the motion unopposed and may enter judgment in favor of the Defendants**. *See Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1368 (11th Cir. 2007).

Accordingly, it is ORDERED:

1. Within **thirty (30) days** from the date of this Order, Plaintiff shall file a response to Defendants' Amended Motion for Summary Judgment, ECF Doc. 96.

2. Pursuant to Local Rule 56.1(D), Defendants may file a reply within **seven (7) days** of the filing of Plaintiff's response if the response raises new matters not addressed in Defendants' motion.

3. The Court will take the matter under advisement after the above deadlines have expired.

DONE AND ORDERED this 1st day of September 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:20cv5935-MCR-HTC