UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| LAVAROS DAVIS,<br><br>  Plaintiff,<br><br>v.<br><br>SGT. DANIELS, *et al.*,<br><br>  Defendants. | Case No. 3:20-cv-5935-HTC-[CONSENT] |

## **PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE**

Plaintiff Lavaros Davis, through his counsel, respectfully requests that the Court issue an order to show cause why three Florida Department of Corrections transportation officers who attended the confidential settlement conference before Magistrate Judge Charles J. Kahn on May 23, 2023 (Docs. 142, 144), should not be held in contempt for violating their confidentiality obligations.

As set forth in the attached declaration of James Cook, Plaintiff has asserted that when he returned from the courthouse on May 23, 2023 to Florida State Prison, Sergeant Gaskin asked the transportation officers what transpired during the settlement conference, prompting them to disclose the details of the conference and communications therein. As

further set forth in the declaration, Plaintiff alleges that he was then verbally threatened and physically attacked while an officer taunted him that he was "not gone get much anyways" from the lawsuit, after learning of the confidential offers made during the settlement conference.

Pursuant to Local Rule 16.3, "[e]verything said during a mediation or settlement conference—other than the terms of any settlement agreement itself—is *confidential* and inadmissible as a settlement negotiation." N.D. Fla. L. R. 16.3 (emphasis supplied). At the beginning of the settlement conference, Magistrate Judge Kahn warned the three FDC transportation officers of their obligation to hold everything said during the settlement conference in confidence. Despite such admonishment, according to Plaintiff these three officers have brazenly ignored the Court's warnings and have violated the Local Rules.

WHEREFORE, Plaintiff respectfully requests that the Court issue an Order for those officers to show cause why they should not be held in contempt for violating the settlement conference confidentiality rules. The names of the officers are not presently known to Plaintiff, but their identities will be known by the Florida Department of Corrections, which can provide them to the Court.

Dated: May 31, 2023.

2

Respectfully submitted,

*/s/ James V. Cook*
James V. Cook (FBN 0966843)
LAW OFFICE OF JAMES COOK
314 W. Jefferson Street
Tallahassee, FL 32301
cookjv@gmail.com
Tel.: (850) 222-8080

-and-

James M. Slater (FBN 111779)
SLATER LEGAL PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
james@slater.legal
Tel.: (305) 523-9023

*Counsel for Plaintiff*

## Certificate of Service

I hereby certify that on May 31, 2023, I electronically filed the foregoing document with the Clerk by using the CM/ECF system, which will serve a copy on all counsel of record.

By: */s/ James V. Cook*
James V. Cook

3

**Certificate of Good Faith Conference**

I hereby certify pursuant to Local Rule 7.1(B) that I have conferred in good faith with opposing counsel, who objects to the Motion.

By: <i>/s/ James V. Cook</i><br>James V. Cook

**Certificate of Compliance**

Pursuant to Local Rule 7.1(F), I hereby certify that the foregoing document contains fewer than 500 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

By: <i>/s/ James V. Cook</i><br>James V. Cook