UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAVAROS DAVIS,

    Plaintiff,

vs.

SGT. DANIELS, et al.,

    Defendants.

Case No. 3:20cv5935-HTC

### DECLARATION OF JAMES V. COOK

I, James V. Cook, pursuant to 28 U.S.C. § 1746, state as follows:

1. I am an attorney of record in this case for Plaintiff Lavaros Davis and I submit this declaration in support of Plaintiff's motion for an order to show cause why the Florida Department of Corrections transportation officers who attended the confidential settlement conference in this case should not be held in contempt.

2. I am over the age of 18, and I have personal knowledge of the facts set forth in this declaration.

3. On May 23, 2023, I participated in a settlement conference together with my client, Lavaros Davis, Defendants' attorney Ravi Sharma, Hon. Charles Khan, Magistrate Judge, and three transport officers from Florida State Prison.

4. Prior to the beginning of the negotiations, attorney Sharma moved to another room so that only myself, my client Lavaros Davis, Hon. Charles Khan, and the three Florida State Prison transport officers remained in the courtroom. No other court staff or any other person was in the courtroom during the settlement negotiations.

5.      Prior to the beginning of the settlement conversations, Judge Khan advised all the persons in the room, *including the FSP transport officers*, that the proceedings were entirely confidential and that nothing that took place in the course of the negotiations could be shared with any other person.

6.      On May 30, 2023, I received a letter from my client dated May 24, 2023, in which he stated that that on May 23, 2023—after his return to FSP from the settlement conference at the courthouse—a correctional officer named Sgt. Gaskin, who worked in the FSP medical department, asked the transportation officers what had happened in Court during mediation. According to Mr. Davis, the transportation officers told Sgt. Gaskin and all the other officers present "everything [t]hat was said and what happen[ed] in the courtroom" during the confidential settlement conference. My client wrote that he was then threatened by Sgt. Gaskin and another officer—Ofcr. Manning.

7.      According to the letter, Ofcr. Manning escorted my client back to his cell and then physically attacked my client while threatening him and informing him that he knew my client was "not gone get much anyways" from this lawsuit from what he heard. The letter then states that Ofcr. Manning hit my client again and told him to "keep his name out of it."

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 31, 2023.

                                        /s/ James Cook
                                        By: James V. Cook, Esq.