UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**LAVAROS DAVIS,**
**DOC #M63150**

    Plaintiff,

v.                                                    Case No. 3:20-cv-5935-MCR-HTC

**MARK INCH, et al.,**

    Defendants.
_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE

**Defendants, Vaughn, Nousiainen, Daniels, and Newcomb** (together, **"Defendants"**), by and through counsel, hereby responds in opposition to Plaintiff's Motion for an Order to Show Cause (Doc. 147), and respectfully requests the Court deny Plaintiff's Motion as he has provided insufficient basis for the Court to issue such an order. As grounds, Defendants' state the following in support thereof:

1. On May 23, 2023, a settlement conference was held by the parties before the Honorable Magistrate Judge Charles J. Kahn. (Docs. 141, 144).

2. On May 31, 2023, Plaintiff filed a Motion for an Order to Show Cause, alleging that the Florida Department of Corrections ("FDC") officers, who had transported Plaintiff to the courthouse for the settlement conference, had divulged confidential communications from the settlement negotiations to other officers after

1

they had returned to the Florida State Prison. (Doc. 147). Plaintiff also alleged that non-party officers physically attacked and taunted him after they heard the transport officers disclosures regarding the settlement conference. Id. In Plaintiff's Motion, he asks the Court to issue an order to those unidentified transport officers to show cause why they should not be held in civil contempt for violating the settlement conference confidentiality rules. Id.

Defendants now state:

## MEMORANDUM OF LAW

### I. Plaintiff has failed to proffer any admissible evidence that a civil contempt violation has occurred.

A party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order. *See* Citronelle–Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991); Combs v. Ryan's Coal Co., 785 F.2d 970, 984 (11th Cir. 1982), cert. denied, 479 U.S. 853 (1986). Because a contempt order is a severe sanction, it is subject to a higher standard of proof than the "preponderance of the evidence" standard applicable to other civil cases. Hart Schaffner & Marx v. Alexander's Dep't Stores, Inc., 341 F.2d 101, 102 (2d Cir. 1965). The burden of proof is thus a "clear and convincing" standard. New York State Nat'l Org. For Women v. Terry, 886 F.2d 1339, 1351 (2d Cir. 1989). "This ['clear and convincing' evidence standard] is more exacting than the 'preponderance of the evidence' standard but, unlike criminal

contempt, does not require proof beyond a reasonable doubt." Jordan v. Wilson, 851 F.2d 1290 , 1292 (11th Cir. 1988); *see also* International Controls & Measurements Corp. v. Watsco, Inc., 853 F.Supp. 585, 587 (N.D.N.Y.1994) (noting that the "clear and convincing evidence" standard lies at an intermediate point between the "preponderance of the evidence" and "beyond a reasonable doubt" standards). Plaintiff's Motion is deficient because it fails to proffer any admissible evidence that the alleged contemnors violated a court order.

Rule 56(e) of the Federal Rules of Civil Procedure provides that an affidavit "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to matters stated therein." Because affidavits must be based on personal knowledge, an affidavit based on nothing more than "information and belief" is not sufficient as a matter of law. *See* Givhan v. Electronic Engineers, Inc., 4 F.Supp.2d 1331, 1334 (M.D. Ala. 1998). According to Federal Rule of Civil Procedure 56(e), an affidavit must be stricken when it is a conclusory argument rather than a statement of fact, **or when the affidavit is not based on personal knowledge**. Id. at 1031 (emphasis added); *see also* Interfase Marketing, Inc. v. Pioneer Technologies Group, Inc., No. 91–572–CIV–T–17A, 1993 WL 229601, at *2 (M.D. Fla. June 23, 1993). The Federal Rules of Civil Procedure and Federal Rules of Evidence require that any affidavits submitted to the court be based upon an affiant's personal knowledge and

contain facts that would be admissible as evidence. *See, e.g.*, Federal Rule of Civil Procedure 56(e); Federal Rule of Evidence 602.

Here, Plaintiff has not provided proffered any admissible evidence that the officers who transported Plaintiff disclosed confidential information because Plaintiff's Motion is based on Plaintiff's counsel affidavit, which merely proffers hearsay. (Doc. 147-1). Plaintiff's counsel has no personal knowledge of the circumstances of these officers' alleged disclosure, and relies entirely upon a letter Plaintiff purportedly sent him which described the transport officers' disclosure to other correctional officers upon their return to the Florida State Prison. Id. The proffered hearsay is not admissible under any exception or exemption under the Federal Rules. Because the affidavit proffers hearsay rather than facts based on personal knowledge, the Court must strike the affidavit, which renders Plaintiff's Motion baseless. In other words, Plaintiff has failed to meet his initial burden of presenting clear and convincing evidence that the transport officers violated a court order because Plaintiff failed to present any admissible evidence supporting this allegation. Accordingly, the burden of production of evidence cannot shift to the transport officers. Thus, an order to show cause is not warranted.

For the aforementioned reasons, Plaintiff has proffered inadequate evidence for the Court to issue an order to show cause on this matter. As such, the Court must deny Plaintiff's Motion.

## II.  Plaintiff's Motion is outside the purpose of a civil contempt charge.

Civil contempt sanctions may either coerce the party into compliance or compensate the injured party for losses sustained.  See In re McLean, 794 F.3d 1313, 1323 (11th Cir. 2015). Once the "contumacious conduct" ceases, the need for a coercive sanction ends, but the court retains the power to impose compensatory sanctions.  FTC v. Garden of Life, Inc., 516 F. App'x 852, 860 (11th Cir. 2013). [C]ivil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 827 (1994). "The district court has broad discretion in fashioning coercive remedies." King v. Allied Vision, Ltd., 65 F.3d 1051, 1062 (2d Cir. 1995).

Damages only need to be shown by a preponderance of the evidence.  *See* McGregor, 206 F.3d at 1387.  A compensatory sanction "reimburses the injured party for the losses and expenses incurred because of his adversary's noncompliance. This [reimbursement] includes losses flowing from noncompliance...." Rickard v. Auto Publisher, Inc., 735 F.2d 450, 458 (11th Cir. 1984).

Here, Plaintiff seeks coercive contempt sanctions against the transport officers.  He does not seek compensatory sanctions because he cannot cite a sustained loss specifically due to the alleged disclosure of confidential settlement

negotiations. (Doc. 147).[1] Plaintiff has also not alleged that the purported contumacious conduct, namely the disclosure of confidential settlement information, is continuing. Id. Rather, he cites a single past instance of an alleged disclosure by the transport officers who informed other officers at Florida State Prison of unspecified information disclosed from the settlement conference. Id. However, sanctions for civil contempt are to coerce future compliance and to remedy past noncompliance, and as in this case there is no need to remedy a loss for past noncompliance as Plaintiff did not suffer a loss, there equally is no need to coerce future compliance as the violation is no longer ongoing. "Although one may be held in civil contempt for refusing to comply with a court order, a sanction for one's **past failure to comply with an order** is criminal in nature." Cobell v. Norton, 334 F.3d 1128, 1146–47 (D.C. Cir. 2003). Plaintiff's claim is that of civil contempt, which is not cognizable for past failure to comply with a court order as such a claim would

---

[1] The only injury Plaintiff claims as a result of the disclosure of the settlement negotiations are allegations that he was physically battered as a result of the disclosure. (Doc. 147). This injury is subject to the Prison Litigation Reform Act's ("PLRA") administrative exhaustion requirement, which requires Plaintiff administratively exhaust his claim through the inmate grievance process before it is brought before the Court. "The [Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e,] exhaustion requirement requires full and proper exhaustion." *See* Woodford v. Ngo, 548 U.S. 81, 93, 126 S. Ct. 2378 (2006). Exhaustion is a *mandatory* pre-condition to filing a suit. Woodford, 548 U.S. at 85. Completion of the exhaustion requirement means properly completing each step of the prison's grievance procedures. Jones v. Bock, 549 U.S. 199, 219, 127 S. Ct. 910 (2007);

be criminal contempt.  A criminal contempt sanction is punitive in nature, meant to "vindicate the authority of the court," and can only be imposed through criminal proceedings.  Int'l Union, United Mine Workers of Am., 512 U.S. 821 at 845.

"Unlike the civil contemnor, who has refused to perform some discrete, affirmative act commanded by the court, Gompers explains, the criminal contemnor has 'do[ne] that which he has been commanded not to do.' Id. at 845, quoting Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 442 (1911).  The criminal contemnor's disobedience is past, a "completed act," Gompers at 443, "a deed no sanction can undo." See id., at 442.

As such, Plaintiff's claim for civil contempt based on the transport officers past conduct allegedly disclosing confidential settlement communications is improper for a civil contempt charge.  Therefore, the Court should deny Plaintiff's Motion for an Order to Show Cause.

## CONCLUSION

**WHEREFORE**, based on the foregoing, Plaintiff's Motion is insufficient, and Defendants respectfully request the Court deny Plaintiff's Motion for an Order to Show Cause.  (Doc. 147).

    Respectfully Submitted,

    **ASHLEY MOODY**
    **ATTORNEY GENERAL**
    /s/ Ravi N. Sharma
    Ravi N. Sharma

Office of the Attorney General
Florida Bar No.: 1019119
The Capitol PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
Ravi.Sharma@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendants' Response in Opposition to Plaintiff's Motion for an Order to Show Cause* was electronically filed through CM/ECF and served on all counsel of record on June 5, 2023.

/s/ Ravi N. Sharma
Ravi N. Sharma, Esq.

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

**I HEREBY CERTIFY** that the above Response totals 1,610 words, and does not exceed the 8,000 total word maximum created by N.D. Fla. Loc. R. 7.1.

/s/ Ravi N. Sharma
Ravi N. Sharma, Esq.