UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAVAROS DAVIS,

    Plaintiff,

v.                                        Case No. 3:20cv5935-HTC

SGT. DANIELS, et al.,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff's motion for an order to show cause, ECF Doc. 147, and Defendants' response in opposition, ECF Doc. 148. After reviewing the parties' submissions, the Court concludes the motion should be denied, as Plaintiff has not established civil contempt is appropriate in these circumstances.

U.S. Magistrate Judge Kahn presided over a settlement conference in this prisoner civil rights case on May 23, 2023. ECF Doc. 144. During the settlement conference, Judge Kahn advised the three Florida Department of Corrections ("FDOC") transport officers escorting Plaintiff of their obligation to keep all discussions at the conference confidential. Several days later, Plaintiff's counsel received a letter from Plaintiff which alleged the FDOC transport officers disclosed what transpired at the conference to officers at Florida State Prison ("FSP"), who then threatened and abused Plaintiff. ECF Doc. 147-1. Based on the foregoing,

Plaintiff asks the Court to issue an order requiring the transport officers to show cause why they should not be held in contempt for violating the confidentiality of the settlement conference.

"A party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order." *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992) (citations omitted).  The Court finds Plaintiff has not met this initial burden, as Plaintiff's evidence is insufficient to demonstrate an order to show cause should be issued.  Plaintiff's counsel submitted a declaration in support of the motion, but counsel did not personally observe the actions of the transport officers; instead, the declaration merely describes the accusations contained in the letter Plaintiff sent to counsel.  *Cf.* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").[1]  As such, the accusations relayed by counsel's declaration are inadmissible hearsay, which is insufficient to establish a claim for

---

[1] When the Court conducts settlement conferences with prisoners, it *expects* all in attendance will protect the confidentiality of the discussions.  This expectation is not limited to the parties and their counsel, but also to those whose presence is necessary and required for the conference to occur.  Thus, although the Court finds insufficient evidence to support contempt proceedings, the Court will direct the clerk to provide a copy of this Order to the General Counsel for the FDOC for their situational awareness.

Case No. 3:20cv5935-HTC

civil contempt. *See United Physician Grp., LLC v. Leche*, 2020 WL 8224927, at *5 (N.D. Ga. Nov. 9, 2020) (finding declarations containing inadmissible hearsay were insufficient to establish a claim for civil contempt).

Furthermore, civil contempt sanctions are intended to coerce the contemnor into compliance with a court order and/or to compensate the complainant for losses sustained. *Local 28 of Sheet Metal Workers' Int'l Ass'n v. EEOC*, 478 U.S. 421, 443 (1986). Here, however, Plaintiff does not allege the transport officers are continuing to divulge what occurred at the settlement conference. *See FTC v. Leshin*, 719 F.3d 1227, 1231 (11th Cir. 2013) ("A coercive contempt sanction comes with some limitations; for instance, once a contemnor's contumacious conduct has ceased or the contempt has been purged, no further sanctions are permissible.") (citation omitted). And the transport officers' disclosure itself is not alleged to have caused any loss to Plaintiff.

Accordingly, it is ORDERED:

1. Plaintiff's motion for an order to show cause, ECF Doc. 147, is DENIED.

2. The clerk shall send a courtesy copy of this Order to the General Counsel of the FDOC.

DONE AND ORDERED this 16th day of June, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:20cv5935-HTC